**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1126

EMMANUEL OGBONNAYA NWANKWO,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 12, 2011          Decided: August 24, 2011

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Emmanuel Ogbonnaya Nwankwo, Petitioner Pro Se.  Kiley L. Kane, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emmanuel Ogbonnaya Nwankwo, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision denying Nwankwo's request for a continuance, pretermitting his request for a § 212(c) waiver of inadmissibility,[*] and ordering his removal to Nigeria. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including a controlled substance violation. Because Nwankwo conceded before the immigration court that he is an alien who was found removable for having been convicted of a controlled substance violation, a concession which he does not challenge on appeal, our review is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D); Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

We have thoroughly reviewed Nwankwo's informal brief and the administrative record and conclude we are without jurisdiction to consider Nwankwo's claims. Nwankwo failed to

_____

[*] See 8 U.S.C. § 1182(c) (1994) (repealed 1996).

2

exhaust his administrative remedies by presenting his claims on appeal to the Board. <u>See</u> 8 U.S.C. § 1252(d)(1) (2006); <u>Massis v. Mukasey</u>, 549 F.3d 631, 638-40 (4th Cir. 2008). We also find that he failed to raise a colorable constitutional claim or question of law that would fall within the exception set forth in § 1252(a)(2)(D). <u>See</u> <u>Barco-Sandoval v. Gonzales</u>, 516 F.3d 35, 40-41 (2d Cir. 2008) (finding that a criminal alien must raise a <u>colorable</u> constitutional claim or question of law in order for a federal appellate court to have jurisdiction under § 1252(a)(2)(D)).

We therefore dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED</u>

3